# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MILY CABRERA,

        Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,[1]

        Defendant.

Case No. 6:21-cv-99-JRK

## **OPINION AND ORDER**[2]

### I. Status

Mily Cabrera ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "depression," "anxiety," "mental disability," "personalities disorder," "bipolar disorder," and "cholesterol." Transcript of Administrative Proceedings (Doc. No. 22; "Tr." or "administrative

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 21), filed July 26, 2021; Reference Order (Doc. No. 23), entered July 27, 2021.

transcript"), filed July 26, 2021, at 149, 162, 179, 197, 342, 855, 1116 (some capitalization omitted).

On March 18, 2017, Plaintiff protectively filed the DIB application, and on May 16, 2017, Plaintiff protectively filed the SSI application, alleging in both a disability onset date of May 7, 2015.³ Tr. at 311-15 (DIB), 316-24 (SSI). The applications were denied initially, Tr. at 149-61, 175, 177, 219-23 (DIB); Tr. at 162-74, 176, 178, 224-28 (SSI), and upon reconsideration, Tr. at 179-96, 215, 217, 237-43 (DIB); Tr. at 197-214, 216, 218, 230-36 (SSI).

On May 4, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").⁴ See Tr. at 49-75. At the time of the hearing, Plaintiff was thirty-seven (37) years old. Tr. at 52 (stating Plaintiff's date of birth). On July 23, 2018, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 133-42, 756-65 (duplicate). On October 12, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 118-21, 772-76 (duplicate), making the ALJ's decision the final decision of the

---

³       The DIB application was actually completed on March 31, 2017. See Tr. at 311-12. The SSI application was actually completed on July 11, 2017. See Tr. at 316. The protective filing date for the DIB application is listed in the administrative transcript as March 18, 2017. See, e.g., Tr. at 149, 179. The protective filing date for the SSI application is listed in the administrative transcript as May 16, 2017. See, e.g., Tr. at 162, 197.

⁴       Plaintiff primarily speaks Spanish, so an interpreter assisted with some aspects of the hearing. See Tr. at 51-52.

Commissioner.

Plaintiff appealed the Commissioner's final decision to this Court on December 11, 2018. Tr. at 781-83. On July 16, 2019, this Court entered a Memorandum of Decision reversing and remanding the Commissioner's final decision with instructions to reevaluate the opinion of treating psychiatrist Gustavo Ruiz, M.D. Tr. at 800-05, 882-87 (duplicate). Judgment was entered on July 17, 2019. Tr. at 806, 888 (duplicate).

On remand, the Appeals Council on July 22, 2019 remanded the matter back to an ALJ consistent with the Court's instructions. Tr. at 808-09, 812, 890-91 (duplicate), 894 (duplicate). Because Plaintiff had filed an intervening claim for benefits on November 2, 2018, the Appeals Council directed the ALJ on remand to consolidate the claims. Tr. at 812.

An ALJ held a hearing on February 18, 2020. Tr. at 719-43. The ALJ issued a decision on April 1, 2020 finding Plaintiff not disabled through the date of the decision. Tr. at 820-35. On June 1, 2020, the Appeals Council assumed jurisdiction and remanded the matter to another ALJ with various instructions. Tr. at 844-45, 848-51.

A different ALJ held a hearing on August 26, 2020.[5] Tr. at 697-717. The ALJ then issued a Decision on September 24, 2020 finding Plaintiff not disabled

---

[5] The hearing was held telephonically because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 699, 1218.

through the date of the Decision. Tr. at 669-85. On November 16, 2020, the Appeals Council declined to assume jurisdiction, Tr. at 654-58, making the ALJ's Decision the final decision of the Commissioner. On January 14, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges "the ALJ's reasons for giving little weight to Dr. Ruiz's opinion." Joint Memorandum (Doc. No. 28; "Joint Memo"), filed November 23, 2021, at 16; see id. at 16-20. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 672-85. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since May 7, 2015, the alleged onset date." Tr. at 672 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: anxiety disorder; panic disorder without agoraphobia; bipolar disorder; and borderline personality disorder." Tr. at 672 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 673 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except lifting/carrying limited to 50

> pounds occasionally and 25 pounds frequently; sitting/standing/walking for 6 hours during an 8 hour workday; push/pull as much as can lift/carry; can never climb ladders/ropes/scaffolds; can work at unprotected heights and moving mechanical parts occasionally. Mentally, [Plaintiff] is able to perform simple, routine and repetitive tasks, but not a production rate pace (e.g. assembly line work); able to make simple work-related decisions; and able to interact with supervisors, coworkers and public occasionally.

Tr. at 674-75 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Cashier Checker." Tr. at 683 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("34 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Laundry worker," "Floor worker," and "General labor." Tr. at 684 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from May 7, 2015, through the date of th[e D]ecision." Tr. at 685 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.

2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in evaluating the opinions of Dr. Ruiz regarding her level of mental functioning. Joint Memo at 16-20. Relying primarily on Simon, 7 F.4th at 1094, Plaintiff contends the ALJ impermissibly "cherry-picks normal findings from some of Plaintiff's mental health visits but

overlooks other findings that supported Dr. Ruiz's assessment." Joint Memo at 18. Plaintiff further asserts the ALJ inappropriately focused "on Plaintiff's functioning during doctors' appointments and [] fail[ed] to consider Plaintiff's inadequate response to the stress of everyday living." Id. at 19 (citation omitted). Finally, Plaintiff alleges error in the ALJ's consideration of her daily activities vis-à-vis Dr. Ruiz's opinions about her functioning. Id. at 19-20. Responding, Defendant contends that the ALJ properly evaluated Dr. Ruiz's opinions, provided them some weight, and gave good reasons for declining to adopt portions of the opinions. Id. at 22-25.

"Medical opinions[7] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists,

---

[7] On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff protectively filed her original DIB claim before that date, the undersigned cites the Rules and Regulations that are applicable to the date the original DIB claim was filed, as well as Eleventh Circuit authority interpreting those Rules and Regulations. The parties agree this is appropriate. Joint Memo at 16-17, 21.

licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[8]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5);

---

[8] For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

The Eleventh Circuit has recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ.   Schink, 935 F.3d at 1268. An ALJ may not rely on "snapshots" of how a bipolar individual is doing to discredit medical

findings because the disorder is "characterized by the unpredictable fluctuation of [its] symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." Simon, 7 F.4th at 1106 (citation omitted).

Here, Dr. Ruiz provided three different opinions as to Plaintiff's mental functioning; they are dated June 2018, September 2018, and August 2019. Tr. at 650-53, 1306-09, 1310-13. In each, Dr. Ruiz assigned moderate to marked mental restrictions, stated Plaintiff had four or more episodes of decompensation in a twelve month period, and opined Plaintiff will miss more than 4 days per month of work. Tr. at 653, 1308-09, 1311, 1313.

The ALJ—on notice that Dr. Ruiz's opinions were squarely at issue and under a directive from this Court and the Appeals Council to adequately consider them—addressed the opinions in great detail. See Tr. at 681-82. The ALJ assigned "some weight" to portions of the opinions, but "little weight" or "very little weight" to Dr. Ruiz's opinion "noting marked limitations in social functioning, experiencing four or more episodes of decompensation[] within the last 12-month period, and likely absences of more than four days per month[]." Tr. at 681; see Tr. at 682. As support, the ALJ found the extreme limitations were inconsistent with the "objective" and "contemporary" treatment records. Tr. at 681, 682. The ALJ went on to discuss Dr. Ruiz's records. See Tr. at 681-82. The ALJ further found that the records "do not support the predicted

- 11 -

excessive absences noted" because Plaintiff "never missed a scheduled appointment with Dr. Ruiz." Tr. at 682. The ALJ discussed other providers' records showing Plaintiff "was cooperative, and oriented to all spheres." Tr. at 682 (citations omitted). The ALJ contrasted Plaintiff's testimony that she "does not leave her home" with medical records documenting treatment "for an injury [sustained] while riding her bike with a large group of people." Tr. at 682.

This is not a situation in which the ALJ failed to consider the episodic nature of Plaintiff's bipolar disorder. Cf. Schink, 935 F.3d at 1268; Simon, 7 F.4th at 1106 (citation omitted). Instead, the ALJ's Decision reflects careful and thoughtful consideration of the evidence on the matter. See Tr. at 676-82. The ALJ's reasoning is supported by substantial evidence and need not be disturbed.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on July 14, 2022.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record